IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LYNN STEELE,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | NO. C05-2511 TEH<br><br><u>ORDER GRANTING MOTION</u><br><u>TO DISMISS DEFENDANTS</u><br><u>LAKE COUNTY TRIBAL</u><br><u>HEALTH CONSORTIUM AND</u><br><u>THOMAS RANGEL</u> |
| JOHN DEMARTINI, as Guardian Ad Litem for B.I.S., R.A.D., and C.M.S.,<br><br>              Plaintiffs,<br><br>v.<br><br>LAKE COUNTY TRIBAL HEALTH CONSORTIUM, et al.,<br><br>              Defendants. | NO. C05-4399 TEH |

These cases come before the Court on a motion to dismiss brought by Defendants Lake County Tribal Health Consortium and Thomas Rangel. After carefully reviewing the parties' written arguments, the pleadings, and relevant law, the Court has determined that oral argument is unnecessary and hereby cancels the motion hearing scheduled for March 20, 2006. For the reasons discussed below, the Court now GRANTS Defendants' motion in its entirety.

**BACKGROUND**

These two consolidated cases arise from a September 21, 2004 collision that resulted in the death of Tracy DeMartini. DeMartini was a passenger on a motorcycle being driven by her partner, Plaintiff Curtis Steele, when the motorcycle collided with a vehicle being

driven by Defendant Thomas Rangel, an employee of Defendant Lake County Tribal Health Consortium. The Consortium is a California corporation under contract with the Indian Health Service, an agency within the Department of Health and Human Services of Defendant United States.

On June 21, 2005, Steele filed a negligence action, *Steele v. United States*, based on the above collision. John DeMartini filed a separate action, *DeMartini v. Lake County Tribal Health Consortium*, in state court as guardian ad litem for B.I.S., R.A.D., and C.M.S., the three minor children of Tracy DeMartini. Following DeMartini's filing of a second amended complaint on October 25, 2005, the United States removed the *DeMartini* case to this Court.

**DISCUSSION**

Defendants Lake County Tribal Health Consortium and Rangel now contend that they are entitled to tribal sovereign immunity. These Defendants seek either dismissal of all claims against them or substitution of the United States as a defendant under the following provision:

> With respect to claims resulting from the performance of functions during fiscal year 1991 and thereafter . . . under a contract, grant agreement, or any other agreement or compact authorized by the Indian Self-Determination and Education Assistance Act of 1975, as amended, . . . an Indian tribe, tribal organization or Indian contractor is deemed hereafter to be part of the Bureau of Indian Affairs in the Department of the Interior or the Indian Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees are deemed employees of the Bureau or Service while acting within the scope of their employment in carrying out the contract or agreement: Provided, That after September 30, 1990, any civil action or proceeding involving such claims brought hereafter against any tribe, tribal organization, Indian contractor or tribal employee covered by this provision shall be deemed to be an action against the United States and will be defended by the Attorney General and be afforded the full protection and coverage of the Federal Tort Claims Act.

Department of the Interior and Related Agencies Appropriation Act, 1991, Pub. L. No. 101-512, Tit. III, § 314, 104 Stat. 1959 (1990), as amended by Department of the Interior and

1 Related Agencies Appropriations Act, 1994, Pub. L. 103-138, Tit. III, § 308, 107 Stat. 1416
2 (1993) (codified at 25 U.S.C. § 450f notes).

3     Plaintiffs do not dispute the dismissal of all claims against Defendant Lake County
4 Tribal Health Consortium.  Although the United States contends that the Consortium has not
5 yet demonstrated that it is entitled to sovereign immunity, that is besides the point.
6 Plaintiffs' non-opposition operates as a stipulation for dismissal between Plaintiffs and the
7 Consortium, and the United States has presented no argument as to why it, a third-party
8 defendant, should be allowed to contest such a stipulation.  Accordingly, with good cause
9 appearing, the Court grants dismissal of Defendant Lake County Tribal Health Consortium
10 with prejudice.

11     Both Plaintiffs and Defendant United States, however, contest the dismissal of
12 Defendant Rangel.  In addition, the United States argues that it is premature to substitute the
13 United States in Rangel's place as a defendant because it remains unclear whether Rangel
14 was acting in furtherance of the federal contract at the time of the collision.

15     As the United States acknowledges, the Court must, at this stage of the proceedings,
16 "accept all material allegations in the complaint as true and construe them in the light most
17 favorable to [Plaintiffs]."  *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).
18 Here, Plaintiff in the *Steele* action repeatedly alleges that Defendant Rangel was "acting in
19 the scope of his employment" at the time of the accident.  *Steele* Compl. ¶¶ 6, 9-11.
20 Similarly, in the *DeMartini* action, Plaintiffs allege that the Consortium and the United States
21 "owned the motor vehicle which was operated with their permission" and "employed
22 [Rangel] who operated a motor vehicle in the course of [his] employment."  *DeMartini*
23 Second Am. Compl. ¶ MV-2(a)-(c).  The *DeMartini* plaintiffs also allege that Rangel was
24 "the agent[] and employee[] of the other defendants and acted within the scope of the
25 agency."  *Id.* ¶ MV-2(e).  Based on these allegations, the Court must accept that Rangel was
26 acting within the scope of his employment for purposes of analyzing this motion to dismiss.
27 Consequently, on the face of the complaints, the Federal Tort Claims Act applies, and the
28 United States is the proper defendant.  Accordingly, with good cause appearing, the Court

3

grants dismissal of Defendant Thomas Rangel without prejudice. If further discovery reveals that Rangel was not acting within the scope of his employment at the time of the collision, then the Court will consider granting Plaintiffs leave to amend to reinstate their claims against Rangel.

Although the Court finds that the United States is the proper defendant based on the allegations in the complaints, the Court is also not unaware of the provisions under 28 U.S.C. § 2679(d) that allow the United States "the right to decide the scope of employment issue in the first instance" – a decision that "is conclusive unless challenged." *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). Accordingly, the Court will allow the United States approximately thirty days in which to make its certification decision. If the United States declines to certify that Rangel was acting within the scope of his employment, Rangel may petition this Court to review the certification decision. 28 U.S.C. § 2679(d)(3). To prevail in such a challenge, Rangel must disprove the United States's decision by a preponderance of the evidence. *Green*, 8 F.3d at 698.

## CONCLUSION

In sum, for the above reasons, IT IS HEREBY ORDERED that Defendant Lake Tribal Health Consortium is hereby dismissed with prejudice, and Defendant Thomas Rangel is dismissed without prejudice. To facilitate the proceedings in these cases, IT IS FURTHER ORDERED that:

1. The parties shall meet and confer regarding whether Rangel was actually acting within the scope of his employment at the time of the collision.

2. The United States shall file, on or before **April 14, 2006,** a certification or declination to certify that Rangel was acting within the scope of his employment at the time of the collision.

3. If the United States declines to make this certification, then Rangel shall have thirty calendar days from the date of the declination in which to file a motion for review of the United States's certification decision.

4. If the United States does certify that Rangel was acting within the scope of his employment, then no further case management proceedings shall be necessary unless otherwise requested by the parties, and all dates and provisions of the October 24, 2005 Order for Pretrial Preparation shall remain in full effect.

**IT IS SO ORDERED.**

Dated: 03/13/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT