1  KEVIN V. RYAN (SBN 118321)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  JONATHAN U. LEE (SBN 148792)
   Assistant United States Attorney
4  450 Golden Gate Avenue, Tenth Floor
   San Francisco, California 94102
5  Telephone:    (415) 436-6909
   Facsimile:    (415) 436-6748
6  Email: jonathan.lee@usdoj.gov
   Attorneys for Defendant UNITED STATES
7
   DAVID A. NOLD, *pro hac vice* (WSBA #19009)
8  NOLD & ASSOCIATES, PLLC
   10500 NE 8th STREET, SUITE 930
9  BELLEVUE, WA 98004
   dnold@washlaw.biz
10 Telephone: (425)289-5555
   Facsimile: (425) 289-6666
11
   MARK C. LAMB (SB #198090)
12 22833 BOTHELL EVERETT HWY, SUITE 218
   BOTHELL, WA 98021
13 Telephone: (425)368-4238
   Attorneys for Plaintiff CURTIS STEELE and B.I.S.
14
   ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
15 W. BARTON WEITZENBERG, ESQ. (SBN 051788)
   MICHAEL D. GREEN, ESQ. (SBN 214142)
16 100 Stony Point Road, Suite 200
   Santa Rosa, California 95401
17 Tel: (707) 542-5050
   Fax: (707) 542-2589
18 Attorneys for JOHN DEMARTINI,
   as Guardian Ad Litem for R.A.D., and C.M.S.

19

20                UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
21                    SAN FRANCISCO DIVISION

22 CURTIS LYNN STEELE, an individual,    )   No. C 05-2511 TEH
                                         )
23              Plaintiff,               )   (Lead Case; Consolidated with *John
          vs.                            )   DeMartini, as Guardian Ad Litem for
24                                       )   R.A.D. and C.M.S.; and Irene Steele and
                                         )   Darryl Steele as Co-guardians Ad Litem for
25                                       )   B.I.S.* 05-4399 TEH)
                                         )
26                                       )
   UNITED STATES OF AMERICA,             )
27                                       )   **STIPULATION AND PROPOSED**
                Defendant.               )   **ORDER APPROVING SETTLEMENT**
28 _____)

STIPULATION OF SETTLEMENT; ORDER
Case No. C 05-2511 TEH              -1-

1

2   THE PARTIES, BY AND THROUGH THEIR ATTORNEYS OF RECORD, HEREBY
3   SUBMIT THE FOLLOWING STIPULATION:
4   WHEREAS, on September 21, 2004, Curtis Steele and Tracy DeMartini were involved in
5   a motor vehicle accident with a federal employee;
6   WHEREAS, Tracy DeMartini died on or about September 23, 2004;
7   WHEREAS, following the events of September 21, 2004, Curtis Steele made an
8   administrative claim for tort damages on December 21, 2004;
9   WHEREAS, on June 21, 2005, Curtis Steele filed this lawsuit against the United States of
10  America, alleging damages under the Federal Tort Claims Act;
11  WHEREAS, on or about May 16, 2005, John DeMartini filed administrative claims on
12  behalf of Minors R.A.D. and C.M.S and on or about June 14, 2005 Irene and Darryl Steele filed
13  an administrative claim on behalf of Minor B.I.S;
14  WHEREAS, on or about October 20, 2005, John DeMartini named the United States of
15  America as defendant in his state court, alleging damages under the Federal Tort Claims Act,
16  said action was removed to federal court on October 28, 2005, and Irene Steele and Darryl Steele
17  filed a lawsuit on or about October 24, 2005;
18  WHEREAS, all lawsuits were consolidated into the lead case no. C 05-2511 TEH;
19  WHEREAS, the Court dismissed defendants Lake County Tribal Health Consortium and
20  Thomas Rangel by order dated March 13, 2006;
21  WHEREAS, the parties attended a settlement conference before the Honorable Elizabeth
22  Laporte on June 9, 2006;
23  WHEREAS, the parties reached agreement on the terms of settlement recorded herein on
24  or about June 16, 2006;
25  IT IS HEREBY STIPULATED as follows:
26  1.   The parties to this litigation are Curtis Steele in his personal capacity as plaintiff,
27       John DeMartini as Guardian ad Litem for C.M.S and R.A.D and Irene Steele and
28       Darryl Steele as Co-Guardians ad Litem for B.I.S (hereinafter, "Plaintiffs"), on

STIPULATION OF SETTLEMENT; ORDER
Case No. C 05-2511 TEH                -2-

1         the one hand, and defendant United States of America, on the other hand;

2. The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

3. Plaintiffs and their heirs, executors, administrators or assigns hereby agree to accept the sum of $1,700,000.00 (One Million Seven Hundred Thousand Dollars exactly), under the terms and conditions set forth herein, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which plaintiffs, their heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America or its agents, servants, insurers and employees.

4. Plaintiffs and their heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America and its agents, servants or employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their heirs, executors, administrators or assigns against any third party or against the United States of America, except that the provisions of this paragraph do not include any action between Nonprofits' Insurance Alliance of California ("NIAC") and the United States and plaintiffs are in no way impacted by the eventual outcome of any litigation between NIAC and the United States.

5. In consideration of the payment of $1,700,000.00 (One Million Seven Hundred Thousand Dollars exactly) and the other terms of this Stipulation and Agreement, as set forth above, the plaintiffs agree to <u>immediately upon execution of this agreement</u>, execute the accompanying Stipulation and [Proposed] Order for

STIPULATION OF SETTLEMENT; ORDER
Case No. C 05-02511 TEH        -3-

Dismissal with Prejudice, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action, which is captioned *Curtis Steele, et al. v. United States of America*, Case No. 05-02511 TEH. The fully executed Stipulation of Dismissal will be held by counsel for the defendant and will be filed with the Court upon written notice from plaintiffs' counsel of their receipt of the settlement amount and the completion of the settlement terms described herein.

6. This stipulation for compromise settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This settlement does not constitute an admission of liability or fault on the part of any party.

7. It is also agreed by and among the parties that neither the plaintiffs nor plaintiffs' attorneys may make any claim for attorney's fees or other costs or expenses of litigation against the Defendant United States, their agents, servants, or employees in connection with plaintiffs' claims as set forth herein.

8. This agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by the agreement.

9. It is also agreed, by and among the parties, that the settlement amount of $1,700,000.00 (One Million Seven Hundred Thousand Dollars exactly) paid by the United States of America and Nonprofits' Insurance Alliance of California, as described below, to plaintiffs represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

10. The parties agree that this settlement will be funded as follows. The United States will contribute $700,000.00 exactly (Seven Hundred Thousand Dollars) to the settlement. Nonprofits' Insurance Alliance of California (NIAC) will

1  contribute $1,000,000.00 exactly (One Million Dollars) to the settlement. NIAC is a signatory to this agreement and may enforce its provisions. NIAC's contribution to the settlement described herein is conditioned upon the Court granting NIAC's motion to intervene filed June 15, 2006. If the Court does not permit NIAC to intervene to assert its coverage position and seek reimbursement from the United States of NIAC's contribution to the settlement, there is no settlement.

11. As noted above, the United States will contribute $700,000.00 exactly (Seven Hundred Thousand Dollars) to the settlement. The United States' settlement contribution will be the form of a lump sum payment to plaintiffs' and their attorneys of record. The United States will not purchase any annuity products. As noted above, Nonprofits' Insurance Alliance of California (NIAC) will contribute $1,000,000.00 exactly (One Million Dollars) to the settlement. NIAC's settlement contribution will be in the form of a combination of lump sum payment to plaintiffs' and their attorneys of record and purchase of annuity contracts for the benefit of the plaintiffs. The exact details of the disbursements will be described in a subsequent stipulation and proposed order, to be submitted by the parties within a few days, following further efforts by the parties to make arrangements for the purchase of annuity products. The 45 day period for defendants to fund the settlement will run from the Court's approval of the subsequent stipulation and proposed order described in this paragraph.

12. The settlement amount for Curtis Steele in the amount of $300,000.00 will be made payable by two checks, one check in an amount to be determined for the purchase of an annuity and a separate check made payable to Curtis Steele and his attorney of record David A. Nold. Plaintiffs' counsel shall be responsible for distributing the funds to plaintiff.

13. The settlement amount for Plaintiff Irene and Darryl Steele on behalf of B.I.S. in the amount of $400,000.00 will be made payable by three checks, one check in an

STIPULATION OF SETTLEMENT; ORDER
Case No. C 05-02511 TEH     -5-

amount to be determined for the purchase of an annuity, one check to be payable to the B.I.S. Trust and one check made payable to their attorney of record David A. Nold for attorney's fees and litigation costs by way of further stipulation and court approval.

14. The settlement amount for Plaintiff John DeMartini on behalf of C.M.S. in the amount of $400,000.00 will be made payable by two checks, one check in an amount to be determined for the purchase of an annuity and a separate check made payable to their attorneys of record Abbey Weitzenberg Warren & Emery and Tibor Major for attorney's fees and litigation costs by way of further stipulation and court approval.

15. The settlement amount for Plaintiff John DeMartini on behalf of R.A.D. in the amount of $600,000.00 will be made payable by two checks, one in an amount to be determined for the purchase of an annuity and a separate check made payable to their attorneys of record Abbey Weitzenberg Warren & Emery and Tibor Major for attorney's fees and litigation costs by way of further stipulation and court approval.

17. Settlement proceeds are due within 45 days after approval of the settlement by the court, as specified within paragraph 11. Counsel for the United States of America will notify plaintiffs' counsel within 48 hours after receiving the settlement checks in the U.S. Attorney's Office.

18. Plaintiffs hereby release and forever discharge the United States of America and any and all of its past and present officials, employees, agents, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiffs' pleadings in this action.

19. Plaintiff John DeMartini specifically represents and warrants that he is the

| | | |
|---|---|---|
|  |  | Guardian ad Litem for R.A.D and C.M.S. under California law, and as such, he has the capacity and standing to enter into this settlement agreement on behalf of R.A.D. and C.M.S. |
|  | 20. | Plaintiff John DeMartini specifically represents and warrants that he is the Personal Representative of the Estate of Tracy DeMartini and/or the Successor In Interest to Tracy DeMartini under California law, and as such, he has the capacity and standing to enter into this settlement agreement on behalf of the Estate of Tracy DeMartini.  Consistent with Plaintiff John DeMartini's warranty and representation, any claim or potential claim that was or could be brought on behalf of the Estate of Tracy DeMartini and any claim or potential claim that was or could be brought by the successor in interest to Tracy DeMartini are included within this settlement agreement and the plaintiffs' release of defendant United States. |
|  | 21. | Plaintiffs Irene Steele and Darryl Steele specifically represent and warrant that they are Co-Guardians ad Litem for B.I.S. under California law, and as such, they have the capacity and standing to enter into this settlement agreement on behalf of B.I.S. |
|  | 22. | The provisions of California Civil Code Section 1542 are set forth below: |

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their attorney of record, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiffs understand that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this settlement agreement shall be and remain

STIPULATION OF SETTLEMENT; ORDER
Case No. C 05-02511 TEH         -7-

1     effective notwithstanding such material difference.

2   23.   The parties agree that this stipulation is intended to be a full and final settlement of all claims or potential claims of the plaintiffs arising out of the allegations set forth in plaintiffs' pleadings in this action. Plaintiffs agree to indemnify and hold harmless defendant United States of America from any and all claims, demands, obligations, liens, and lawsuits brought against the United States of America, its agencies or employees, arising out of the allegations set forth in plaintiffs' complaints in this action.

24.   This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

25.   If any withholding or income tax liability is imposed upon plaintiffs based on payment of the settlement sum as set forth herein, plaintiffs shall be solely responsible for paying any such liability.

26.   Plaintiffs and plaintiffs' attorneys have been informed that payment of the settlement amount may take 45 days or more to process. Defendant will submit a request for payment to the Department of Treasury Judgment Fund within 2 days after the Court approval of the stipulation and proposed order described in paragraph 11.

27.   The parties agree that the district court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement.

28.   Each party acknowledges that they have been represented by and have relied upon

STIPULATION OF SETTLEMENT; ORDER
Case No. C 05-02511 TEH     -8-

1 | independent counsel in negotiating, preparing and entering into this Stipulation
2 | and Agreement and that they have had the contents of this Stipulation and
3 | Agreement fully explained by counsel and that they are fully aware of and
4 | understand all of the terms of the agreement and the legal consequences thereof.
5 | It is further acknowledged that the parties have mutually participated in the
6 | drafting of this Stipulation and Agreement and it is agreed that no provision
7 | herein shall be construed against any party hereto by virtue of the drafting of this
8 | Stipulation and Agreement.

9    29. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or
10 | unenforceable, the validity, legality, and enforceability of the remaining
11 | provisions shall not in any way be affected or impaired thereby.  This instrument
12 | shall constitute the entire agreement between the parties, and it is expressly
13 | understood and agreed that this agreement has been freely and voluntarily entered
14 | into by the parties hereto with the advice of counsel, who have explained the legal
15 | effect of this agreement. The parties further acknowledge that no warranties or
16 | representations have been made on any subject other than as set forth in this
17 | agreement.

18    30. The parties agree that, should any dispute arise with respect to the implementation
19 | of the terms of this Agreement, Plaintiffs shall not seek to rescind the Agreement
20 | and pursue any of the original causes of action.  Plaintiffs' sole remedy in such a
21 | dispute is an action to enforce the Agreement in district court.  This settlement
22 | agreement may be signed in counterparts.

23    31. The parties further agree that the filing of this executed Stipulation and
24 | Agreement shall notify the Court of the parties' agreement to vacate all pending
25 | discovery, motion hearing dates, settlement or pretrial deadlines or trial date
26 | associated with this litigation.

**SO STIPULATED.**

STIPULATION OF SETTLEMENT;  ORDER
Case No. C 05-02511 TEH       -9-

| | | |
|---|---|---|
| 1 | DATED: June 28, 2006 | /s/<br>Curtis Steele, Plaintiff |
| 2 | DATED: June 27, 2006 | /s/<br>Irene Steele, Plaintiff Guardian Ad Litem<br>on behalf of B.I.S. |
| 3 | DATED: June 27, 2006 | /s/<br>Darryl Steele, Plaintiff Guardian Ad Litem<br>on behalf of B.I.S. |
| 4 | DATED: June 28, 2006 | NOLD & ASSOCIATES, PLLC<br><br>/s/<br>David A. Nold, *pro hac vice,* WSBA #19009<br>Attorney for Plaintiffs Curtis Steele and Irene and<br>Darryl Steele as Co-Guardians ad Litem for B.I.S. |
| 5 | DATED: June 28, 2006 | LAW OFFICES OF MARK C. LAMB<br><br>/s/<br>Mark C. Lamb, Esq.<br>Attorney for Plaintiffs Curtis Steele and Irene and<br>Darryl Steele as Co-Guardians ad Litem for B.I.S. |
| 6 | DATED: June 28, 2006 | /s/<br>John DeMartini, Plaintiff Guardian Ad Litem for<br>R.A.D. and C.M.S. |
| 7 | DATED: June 28, 2006 | /s/<br>Plaintiff John DeMartini, As Personal<br>Representative of the Estate of Tracy DeMartini<br>and/or Successor-In-Interest to Tracy DeMartini |
| 8 | DATED: June 28, 2006 | ABBEY WEITZENBERG WARREN & EMERY<br><br>/s/<br>Michael D. Green, Esq.<br>Attorney for Plaintiff John DeMartini as Guardian<br>ad Litem for R.A.D. and C.M.S |
| 9 | DATED: June 28, 2006 | LAW OFFICES OF TIBOR E. MAJOR<br><br>/s/<br><br>Tibor E. Major, Esq.<br>Attorney for Plaintiff John DeMartini as Guardian<br>ad Litem for R.A.D. and C.M.S |
| 10 | DATED: June 28, 2006 | CLAPP, MORONEY, BELLAGAMBA &<br>VUCINICH<br><br>/s/<br>Christopher J. Beeman, Esq. |

STIPULATION OF SETTLEMENT; ORDER
Case No. C 05-02511 TEH     -10-

|   |   |   |
|---|---|---|
| 1 |  | Erica Berterello, Esq. |
| 2 |  | Attorneys for Defendant UNITED STATES |

DATED: June 27, 2006    HAIGHT BROWN & BONESTEEL LLP

           /s/
_____
Robert N. Schiff
Attorneys for NONPROFITS' INSURANCE
ALLIANCE OF CALIFORNIA

DATED: June 28, 2006    KEVIN V. RYAN
United States Attorney

           /s/
_____
Jonathan U. Lee
Assistant United States Attorney
Attorneys for Defendant UNITED STATES

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

       6/28/06                      s/Thelton Henderson

DATED: _____    _____
The Honorable Thelton E. Henderson
UNITED STATES DISTRICT JUDGE

Case 3:05-cv-02511-TEH Document 560 Filed 06/29/2006 Page 11 of 11