IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEELE,

        Plaintiff,

  v.

UNITED STATES OF AMERICA,

        Defendant.

No. C-05-02511 TEH (EDL)

**ORDER ALLOCATING ATTORNEY FEES**

This case sought damages for three children, B.I.S., C.M.S. and R.A.D., whose mother died in an accident involving a motorcycle driven by Curtis Steele, also a plaintiff and the father of two of the children, and a truck driven by an employee of the Lake County Tribal Health Consortium. Tibor Major initially represented all three children in a wrongful death suit through their guardian ad litem and maternal grandfather, John DeMartini, and associated in the law firm of Abbey, Weizenberg, Warren, and Emery, P.C. Subsequently, B.I.S. obtained new guardians, relatives on her father's side, and with that change a new attorney, David Nold, who also represented Curtis Steele. The case settled and the court entered a "Stipulation and Order Approving Settlement Disbursement to Plaintiffs," which left open a disputed lien by Tibor Major, former attorney for B.I.S., over the attorneys' fees portion of the settlement proceeds of B.I.S.

The amount of attorney fees to be awarded is within the sound discretion of the Court, taking into account the type and difficulty of the matter, counsel's skill, counsel's experience, the time spent on the case, and the outcome. See Padilla v. McClellan, 93 Cal. App. 4th 1100, 1107 (2001). The Court should consider the value of the services provided by the attorney, not merely the time spent and tasks performed. Id. at 1108. Here, the facts weigh against the apportionment of fees in equal shares per child, as Major advocates. Major pursued the case in state court, which proved to be the

wrong forum.  The correct forum was federal court, because the case fell under the Federal Tort Claims Act and the Indian Self-Determination and Education Assistance Act.   While Major eventually came to this conclusion, Nold's research revealed the proper forum before Major's, and in general, the state litigation did not help move this federal case forward or help its resolution.  Thus, equitable analysis and principles of quantum meruit do not justify the amount requested.  Further, Major would have had to do virtually all the same work to represent two children as three, and he and his co-counsel Abbey, Weizenberg, Warren, and Emery, P.C. have already been compensated in the amount of $254,792.91 for fees and costs for representing the other two children.  Thus, his request for one third of the lodestar he claims (hourly rate time hours) is too high to allocate to work done for B.I.S.

Accordingly, the Court allocates $2,500 to Major for B.I.S. attorney fees, and the remainder to Nold.  David Nold is ordered to pay Major $2,500 from his trust account.

**IT IS SO ORDERED.**

Dated:  December 20, 2006

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

2